**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| JEFFERY RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| INTERSTATE BUSINESS ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Jeffery Ruffin, a Puerto Rican/African-American (black) individual with a disability who was hired by Defendant in April, 2019 through a temp agency and who then became a permanent employee approximately ninety (90) days later.

2. Defendant is Interstate Business Solutions, LLC ("IBC"), a business entity located at 5333 Hatfield Road, Fort Wayne, IN 46808. "IBC" is an employer for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 *et seq*. ("ADA").

3. Plaintiff filed a Charge of Discrimination No. 470-2019-04337 with the Indiana Civil Rights Commissions and the Equal Employment Opportunity Commission on or about September 26, 2019, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on or about December 12, 2019 (Exhibit B), and this Complaint has been filed within ninety (90) days after receipt thereof.

4. Plaintiff contends that he has been discriminated against, retaliated against and

discharged on account of his race (Puerto Rican/Africa-American/black) and because of his national origin (Puerto Rican/Spanish) in violation of Title VII and 42 U.S.C. § 1981 based upon the facts and circumstances in Charge No. 470-2019-04337, incorporated herein as Exhibit A.  Plaintiff's direct supervisor David Vargas (Mexican) told Plaintiff that he was a "double mayate" (nigger) and that he "double hates me".  Plaintiff heard Vargas speak these statements several times. Plaintiff did not complain because he was not made aware of the Complaint process which is the burden of the Defendant.  Defendant engaged in disparate discipline of the Plaintiff by picking on him and citing him for work performance issues that non-blacks/non-Puerto Ricans were allowed to engage in.  This disparate discipline resulted in Plaintiff being terminated for pre-textual reasons.

5. Plaintiff contends that he was discriminated against and discharged and retaliated against because of his disability and for requesting a reasonable accommodation as set forth in Charge No. 470-2019-04337, attached as Exhibit A.  Plaintiff is substantially impaired in his everyday life activities as a result of significant degeneration of his knees which substantially impairs his ability to walk, bend and all activities which require the use of his knees.  Plaintiff attempted to use a "Gator" (a golf-cart like vehicle) to perform his job, but his supervisor retaliated against him and made him walk up to five (5) miles.  The supervisor only picked on the Plaintiff, the only disabled person on the crew.  Defendant then suspended Plaintiff for false and pre-textual reasons ("work performance") but his work performance was the same and substantially similar to the work performance of

    other non-disabled, non-black, non-Puerto Rican individuals.  Defendant had vehicles/Gators which could have accommodated the Plaintiff.  But Defendant denied these accommodations, refused to engage in the interactive process, and terminated the Plaintiff.

6. Plaintiff's supervisor talked to Plaintiff on or about September 18, 2019, and he told Plaintiff that he "didn't give a fuck" about his knee and that he was not going to accommodate the Plaintiff.   Plaintiff was then suspended and later terminated.

7. As a direct and proximate result of Defendant's discrimination, retaliation and termination of Plaintiff, Plaintiff lost his job and job-related benefits including income.   Plaintiff is requesting compensatory damages as a result of the emotional distress, mental anguish, inconvenience, and other similar injuries he suffered.

8. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights.   Plaintiff is requesting punitive damages against the Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief available under Title VII, § 1981 and the ADA.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: cmyers@myers-law.com;
*Attorney for Plaintiff*