UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFERY RUFFIN  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>INTERSTATE BUSINESS SOLUTIONS,  )<br>LLC  )<br>  )<br>    Defendant.  )  | Case No. l:20-CV-103 |

**OPINION AND ORDER**

This matter is before the Court on the partial motion to dismiss filed by Defendant Interstate Business Solutions, LLC, on May 7, 2020 (ECF No. 11). Plaintiff Jeffery Ruffin filed a response in opposition on May 21, 2020 (ECF No. 16) and Interstate filed a reply brief on May 27, 2020 (ECF No. 17). For the reasons discussed below, the motion is GRANTED. Ruffin's claim for retaliation under Title VII and his claim for retaliation under 42 U.S.C. § 1981are DISMISSED. All his other claims remain pending.

**BACKGROUND**

Jeffery Ruffin filed this action against Interstate, his former employer, alleging "that he has been discriminated against, retaliated against and discharged on account of his race (Puerto Rican/African-American/black) and because of his national origin (Puerto Rican/Spanish) in violation of Title VII and 42 U.S.C. § 1981[.]" Complaint, pp. 1-2. Ruffin further alleges that he had a disability and "that he was discriminated against and discharged and retaliated against because of his disability and for requesting a reasonable accommodation[,]" in violation of the Americans with Disabilities Act. *Id*., p. 2.

In its motion for partial dismissal, Interstate challenges Ruffin's retaliation claims brought under Title VII and § 1981. Interstate contends that while Ruffin alleges retaliation claims, he "does not allege any further facts to support retaliation, including that he engaged in a protected activity, a necessary element to asserting plausible retaliation claims under both statutes[.]" Defendant's Brief in Support (ECF No. 12), p. 1. Interstate also argues that Ruffin's "Title VII retaliation claim fails for the additional reason that he did not exhaust administrative remedies, a condition precedent to filing a retaliation claim." *Id*. Interstate moves for dismissal of Ruffin's retaliation claims under Title VII and § 1981 because they "fail both factually and legally[.]" *Id*.

Interstate insists that Ruffin "admits that he did not complain about this alleged harassment. In fact, Plaintiff does not allege he engaged in any protected activity." *Id*., p. 2. Interstate correctly points out that "[t]o state a claim under either [Title VII or § 1981], a plaintiff must allege that '"(1) he *engaged in a statutorily protected activity*; (2) he suffered a materially adverse action by his employer; and (3) a causal connection exists between the two."' Defendant's Brief in Support, p. 3 (quoting *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (italics added)). If a plaintiff fails to establish one of the elements of his claim–in this case that he engaged in protected activity–then his claim must be dismissed pursuant to Rule 12(b)(6).

Interstate argues that Ruffin failed to file a charge of discrimination asserting a Title VII retaliation claim and is therefore barred from pleading such a claim now due to his failure to exhaust his administrative remedy. Interstate argues as follows:

> Plaintiff filed a Charge of Discrimination . . . with the Indiana Civil Rights
> Commission and the Equal Employment Opportunity Commission on or around
> September 26, 2019, alleging he was subjected to race, national origin, and

2

> disability discrimination. . . . Plaintiff did not check the box marked "retaliation" nor did he allege he was retaliated against in the Charge.

*Id*., p. 2. Not only did Ruffin not check the requisite box for a retaliation claim, but according to Interstate neither his Charge of Discrimination nor his Complaint include any allegations that he engaged in protected activity under Title VII or § 1981. Interstate contends as follows:

> Here, Plaintiff baldly alleges that he was "retaliated against." He offers no other facts whatsoever to support his retaliation claim, including that he ever engaged in a statutorily protected activity. In fact, quite the contrary, Plaintiff expressly disavows that he did, alleging that he "***did not complain***" about alleged discrimination. Without any facts to support that Plaintiff was the victim of retaliation, including that he engaged in protected activity–a key element in a retaliation claim–Plaintiff's retaliation claims under both Title VII and Section 1981 are not plausible . . . [and] therefore should be dismissed.

*Id*., pp. 3-4 (emphasis in original).

Ruffin responds to Interstate's motion by asserting that his "retaliation claims are based upon protesting against race/national origin discrimination under § 1981, [which] means that the non-compliance with the rigid deadlines of Title VII is not an issue." Plaintiff's Response in Opposition, p. 1. Ruffin argues that "[w]hile Title VII has strict timelines regarding filing the EEOC Charge of Discrimination, 42 U.S.C. § 1981 does not, in fact, the statute of limitations is four (4) years. So the fact that Plaintiff's retaliation claims are based upon protesting against race/national origin discrimination under § 1981, essentially means that the non-compliance with the rigid deadlines of Title VII is not an issue." *Id*.

Ruffin also argues that he has stated a retaliation claim under the ADA. Ruffin argues that he "makes clear in his Complaint that he was disabled and requested accommodations under the [ADA]. . . . Plaintiff made clear that he was disabled and that he needed [a] reasonable accommodation[,]" but that his supervisor told him he "was not going to accommodate the

3

Plaintiff. . . . In other words, the facts substantiating the retaliation claims for objecting to racial discrimination and for requesting accommodations under the ADA are present in the wording of the Complaint, and the Charge of Discrimination attached thereto." *Id.*, p. 2.

In its reply brief, Interstate contends that Ruffin's response brief misses the point, and argues that:

> [Ruffin's brief opposing the motion to dismiss] is anything but an opposition. Plaintiff asserts that his claim for retaliation under the [ADA] should not be dismissed for failure to state a claim . . . and that his Section 1981 claim should not be dismissed on the grounds that he failed to exhaust administrative remedies. The problem with Plaintiff's Opposition, however, is that Defendant Interstate . . . does not seek to dismiss Plaintiff's ADA retaliation claim *at all*, nor does it seek dismissal of his Section 1981 claim on the grounds that he failed to satisfy the prerequisites to bringing a lawsuit. To the contrary, IBS seeks dismissal of Plaintiff's Title VII and Section 1981 retaliation claims because nowhere on the face of his Complaint does Plaintiff allege he engaged in statutorily protected activity necessary to sustaining a retaliation claim under those laws. In fact, he expressly disclaims that he did. . . . Further, IBS seeks dismissal of Plaintiff's Title VII retaliation claim because Plaintiff did not first file a charge of retaliation with the EEOC or similar state or local administrative body and thereby failed to exhaust administrative remedies as required to sustain a Title VII claim.

Defendant's Reply, pp. 1-2 (italics in original). In other words, the statute of limitations is not the issue. The issue is whether Ruffin has pleaded sufficient facts establishing that he engaged in protected activity. If he did not, his retaliation claims under Title VII and § 1981 are not viable. The second issue is whether Ruffin exhausted his administrative remedies as to a Title VII retaliation claim. Again, if he did not, his claim must be dismissed for that reason also. Interstate insists that "[b]ecause Plaintiff's Title VII and Section 1981 retaliation claims fail both factually and legally, they should be dismissed[.]" *Id.*, p. 2.

Ruffin's Complaint, as Interstate correctly observes, is completely devoid of facts to support a Title VII or § 1981 retaliation claim. Instead, the Complaint merely states, in

4

conclusory fashion, that "Plaintiff contends that he has been discriminated against, *retaliated against* and discharged on account of his race (Puerto Rican/African-American/black) and because of his national origin (Puerto Rican/Spanish) in violation of Title VII and 42 U.S.C. § 1981 based upon facts and circumstances" set forth in his Charge of Discrimination. Complaint, pp. 1-2 (italics added). Ruffin also states in his Complaint that he "did not complain because he was not made aware of the complaint process which is the burden of the Defendant." *Id*., p. 2. Turning then to his Charge of Discrimination (ECF No. 1-1), Ruffin conceded in that Charge that he "did not complain" about discrimination, i.e., that he did *not* engage in protected activity that would give rise to a Title VII or § 1981 retaliation claim, but insists that his failure was "because I was unaware of the complaint process." *Id*., p. 1. Ruffin also states that Interstate "failed to provide clear instructions on how to complain of harassment based on my race in violation of Title VII[.]" *Id*., p. 2. In his response brief, Ruffin makes no mention of this failure to engage in protected activity nor does he present any argument, let alone any citation to authority, to support his assertion that his failure to complain about race or national origin discrimination should be excused because it was somehow Interstate's fault. He also failed to develop this argument in his Complaint or his opposition brief. In short, Ruffin is arguing that his failure to engage in protected activity should be excused because he didn't know how to go about lodging a complaint of race discrimination. Not only does Ruffin not present any authority for this proposition, the Court was unable to find any.

It is well-established that "[a] plaintiff employee must engage in statutorily protected activity before the defendant employer can be held liable for retaliating against her." *Smiecinski v. New Age Transp., Distribution & Warehousing, Inc*., 2008 WL 4614319, at *4 (N.D. Ill. Oct.

15, 2008) (citing *Durkin v. City of Chi.*, 341 F.3d 606, 614-15 (7th Cir.2003) (italics added)). "Vague, informal complaints of harassment do not generally constitute a protected activity . . . and employees victimized by [discriminatory conduct] are strongly encouraged to proceed through their employer's formal complaint process, *see Cerros v. Steel Tech., Inc*., 398 F.3d 944, 952 (7th Cir. 2005)." *Id*. (additional internal citation omitted). Importantly, however, "[a]n employee's failure to use the employer's formal complaint process . . . is not necessarily fatal to her Title VII claim. *Id.* The critical inquiry is "whether the employee adequately alerted her employer to the harassment." *Id*.; *see Dey v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1458 (7th Cir. 1994). A plaintiff can alert his employer about allegations of discrimination, i.e., can engage in "statutorily protected activity," formally or informally, whether through an internal procedure or not. As another district court explained:

> Obviously, filing an EEOC charge or even an official complaint with an employer may constitute statutorily protected activity under Title VII. *Tomanovich v. City of Indianapolis*, 457 F.3d at 663; *Lang* [*v. Illinois Dept. of Children and Family Services*], 361 F.3d 416, 419 (7th Cir. 2004); *Herron v. DaimlerChrysler Corp*. 388 F.3d 293, 298 (7th Cir. 2004) (requesting meeting with independent group employer established to investigate discrimination complaints). And even less formal grievances have been held to constitute protected activity. *Racicot v. Wal-Mart Stores, Inc*., 414 F.3d 675, 676 (7th Cir. 2005) (written and oral complaints to management); *Firestine* [*v. Parkview Health Sys., Inc.*], 388 F.3d [229,] 231 [(7th Cir. 2004)] (contacting employer's employee relations specialist). How informal the complaint can be has seemingly not been determined, *see Moser v. Indiana Dept. of Corrections*, 406 F.3d 895, 904 (7th Cir. 2005) (finding waiver of argument that plaintiff did not engage in statutorily protected conduct because she did not complain about sexual harassment through employer's formal complaint process).

*O'Sullivan v. City of Chicago*, 2006 WL 3332788, at *4, n. 4 (N.D. Ill. Nov. 6, 2006). *See also*, *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 718 (7th Cir. 2018) ("although the plaintiff may have felt the manager's objectionable behavior encompassed sexual discrimination, those

feelings were 'irrelevant' because she did not make them known to her employer."). The use of an internal grievance or complaint procedure is not required, but the grievance or complaint about discrimination–however it is presented–*must be unequivocally communicated to the employer* before an employee can bring a claim asserting that he was retaliated against for such complaint or communication. "'[I]t is axiomatic that a plaintiff engage in statutorily protected activity before an employer can retaliate against her for engaging in statutorily protected activity.'" *Nowakowski v. United Parcel Serv.*, 2009 WL 10714945, at *2 (N.D. Ill. Nov. 24, 2009) (quoting *Durkin v. City of Chicago*, 341 F.3d 606, 614-15 (7th Cir. 2003)). In this case, Ruffin expressly concedes that he "did not complain" about race or national origin discrimination and attempts to overcome that obstacle merely by claiming that he failed to do so because he was "unaware" of how to go about it. But as the law recited above makes clear, Ruffin could bring a claim of retaliation without having filed any formal complaint with Interstate, i.e., he was not required to utilize a formal grievance procedure, even if he had been "aware" of one. Still, he had to communicate his concerns about race discrimination to Interstate before he can sue Interstate for retaliating against him for having raised those concerns. The undisputed fact is that Ruffin admits he did not complain about race or national origin discrimination and so did not "unequivocally communicate" his concerns to Interstate. In fact, he did not communicate them at all.

Additionally, Interstate's argument that Ruffin failed to state a Title VII claim for retaliation in his Charge of Discrimination, thereby failing to exhaust the prerequisite administrative remedy for such a claim, is also correct–not just because he failed to check the appropriate box, but because he presents no facts to support such a claim. For these reasons,

Ruffin has not and cannot state a cognizable claim for retaliation under either Title VII or § 1981.[1]

## CONCLUSION

For the reasons discussed above, the partial motion to dismiss filed by Defendant Interstate Business Solutions, LLC (ECF No. 11) is GRANTED. Ruffin's claim for retaliation under Title VII and his claim for retaliation under 42 U.S.C. § 1981 are DISMISSED. All his other claims remain pending.

Date: June 19, 2020.

 /s/   William C. Lee   
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana

---

[1] Ruffin also does not allege that he engaged in any internal procedure to complain about discrimination under the ADA. However, he does allege that he told a supervisor that he had bad knees and needed an accommodation (in the form of using a "Gator," which is similar to a golf cart) to perform his assigned duties. That supervisor, Ruffin alleges, responded by saying that "he didn't give a fuck about my knee and he was not going to accommodate me." Charge of Discrimination (ECF No. 1-1), p. 1. This informal complaint to a supervisor constituted protected activity, which is why Interstate does not challenge Ruffin's claim of retaliation under the ADA. Ruffin pleads no facts–in his Charge, his Complaint or his brief–alleging that he made any complaints, formal or informal, regarding race or national origin discrimination.